UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angelo Daidone, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br><br> -v.-<br>Radius Global Solutions, LLC,<br><br>       Defendant(s). | Civil Action No: 2:21-cv-4538<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angelo Daidone (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Radius Global Solutions, LLC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Nassau.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 7831 Glenroy Rd. Suite 250 Minneapolis, MN 55439 and an address for service of process at C T Corporation, 28 Liberty St. 42nd Floor, New York, NY 10005.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent an in initial collection letter attempting to collect a consumer debt;

    c. on behalf of Citibank, N.A.;

    d. in which the letter includes a "total amount of debits post charge-off";

    e. without providing any further explanation;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to August 3, 2021, upon information and belief, an obligation was allegedly incurred by Plaintiff for consumer transactions. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically a Citi Mastercard credit card.

21.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

22.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.     Upon information and belief, the creditor, Citibank, N.A., contracted Defendant to collect the defaulted debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

*Violation – August 3, 2021 Collection Letter*

24.     On or about August 3, 2021, Defendant sent Plaintiff an initial collection letter regarding the alleged debt. (See "Letter" at Exhibit A.)

25.     The Letter includes an Account Balance of $2,711.91.

26.     The Letter also provides an itemization of the debt:

Total Amount Due as of Charge-Off: $4,281.97
Total Amount of Interest Accrued Since Charge-Off: $0.00
Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: $0.00
Total of Payments Made Since Charge-Off: $1,884.07
Total Amount of Other Credits Since Charge-Off: $0.00
Total Amount of Debits Post Charge-Off: $314.01

27.     The Letter fails to explain the nature of the $314.01 post charge-off debit.

6

28. The account balance of $2,711.91 includes the $314.01 amount.

29. However, based on the itemization list, there was no post charge-off interest.

30. Based on the itemization list, there was no post charge-off non-interest charges.

31. Based on the itemization list, there was no post charge-off fees.

32. Upon information and belief, Plaintiff did not make any payments using his Citi Mastercard post charge-off.

33. In fact, Plaintiff was unable to use his credit card to make further purchases post charge-off. Therefore, $314.01 does not represent any purchases made.

34. Thus, Plaintiff was confused about the nature of the $314.01 amount.

35. The Letter is open to more than one reasonable interpretation:

   1. The $314.01 amount represents a mistake and Plaintiff does not actually owe this portion of the account balance;
   2. The $314.01 amount represents some form of interest or fees and was mislabeled in the itemization list;
   3. The $314.01 amount represents some undisclosed type of debit, the nature of which was left unclear.

36. If the $314.01 amount was a mistake, then Defendant misstated the account balance.

37. It remains unclear whether paying $2,397.90 would be enough to satisfy the outstanding account balance or if only $2,711.91 would satisfy the balance in full.

38. Therefore, Plaintiff did not know how much he needed to pay to fully satisfy the debt.

39. Itemizing $314.01 as "debits post charge-off" was misleading and deceptive.

40. Furthermore, Defendant could not have expected an average consumer, let alone the least sophisticated of them, to understand what is meant by "debits post charge-off."

41. Instead, this line in the itemization list is used as a ploy to lure the Plaintiff into calling Defendant's office for clarification.

42. Suitably, Defendant's phone number is listed in close proximity to the nebulous line-item.

43. Defendant, a sophisticated debt collector, is well aware that trained debt collectors will have more success at convicing consumers to pay more than the consumer has available in their budget once Defendant has them on the phone.

44. Debt collectors are prohibited from using such tactics to trick consumers into paying debts.

45. The FDCPA mandates that debt collectors convey a clear and meaningful message to consumers.

46. It is no excuse that the debt collector could have clarified what they meant on a subsequent telephone call.

47. Every dunning letter must be written in such a way that the least sophisticated consumer would understand, from the letter itself, what is going on with their debt collection.

48. As the Letter is open to more than one reasonable interpretation, it is deceptive.

49. As a result, the Plaintiff incurred an informational injury.

50. Plaintiff was left confused as to how much would satisfy his debt.

51. Defendant's actions affected the decision-making process of the Plaintiff, causing him to sustain an injury in fact.

52. This confusion was material in that Plaintiff did not know how to handle repayment, which led Plaintiff to waste time and money trying to determine an appropriate course of action.

53. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

54. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

55. Now, consumers have a right to receive dunning letters that are not false, deceptive, or misleading in any way. When a debt collector fails to effectively inform the consumer of their rights or obligations, in violation of statutory law, the debt collector has harmed the consumer.

56. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

57. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

59. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated §1692e:

    a. As the letter falsely represents the amount, character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. As the letter makes a false and misleading representation in violation of §1692e(10).

64. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

        1. The amount of the debt;

    2. The name of the creditor to whom the debt is owed;

    3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. Defendant violated this section by failing to meaningfully identify the amount of the debt, as required by §1692g(a)(1) in an initial collection letter.

69. Alternatively, Defendant misstated the amount of the debt, in violation of §1692g(a)(1).

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angelo Daidone, individually and on behalf of all others similarly situated, demands judgment from Defendant Radius Global Solutions, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 12, 2021                                             Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 101
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*